Erica Healey-Kagan
ehealeykagan@filippatoslaw.com
212-202-0234, Ext. 414

> This request is GRANTED in part. Plaintiff shall file an unredacted copy of the complaint under seal accompanied by a renewed motion to seal. Upon review of the unredacted version, this Court will issue a ruling on the motion to seal/redact. SO ORDERED.
>
> *Jennifer E. Willis*
> JENNIFER E. WILLIS
> United States Magistrate Judge
> July 21, 2025

July 9, 2025

**VIA ECF:**
Hon. Jeannette A. Vargas
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007
VargasNYSDChambers@nysd.uscourts.gov

Re:     <u>Eleni Tserpelis a/k/a Eleni Lagos v. BDO USA PC., et al. 1:25-cv-05613-JAV</u>

Dear Judge Vargas:

    We represent Plaintiff, Eleni Tserpelis a/k/a Eleni Lagos, in the above-captioned action. Pursuant to Rule 10 of Your Honor's Individual Rules, we write to request leave to file an unredacted copy of Plaintiff's Complaint under seal. Before we filed this Complaint in the Southern District of New York, we sent a draft of the complaint on June 25, 2025, to BDO USA PC's counsel, along with proposed redactions. On June 28, 2025, Defendant's counsel raised concerns regarding the table on page 11, prompting us to redact additional information. On July 2, 2025, we sent a follow-up email asking Defendant's counsel to identify any other information, allegations, or items that they believe should be redacted before filing. Counsel responded, stating they would consult with their client and get back to us, however they have not identified any further proposed redactions.

    As such, Plaintiff filed a Complaint (Dkt. 1) that redacts all confidential, proprietary, and commercially sensitive information. An unredacted Complaint would allow the Court to receive all relevant information in this matter without publicly disclosing client information, including client names and specific details regarding BDO's client relationships, details about BDO's partnership structure, revenue targets, client accounts, internal personnel matters, and business development strategies.

    Specifically, Ms. Lagos' unredacted Complaint will contain revenue, budgeting, and pipeline figures relating to BDO's ASC 740 clients that were redacted from the public filing. *See* Complaint (Dkt. 1) at p. 11 (containing redacted revenue information regarding BDO's NY Metro ASC 740 Market); p. 26 (redacted email with client information); p. 38 (redacted email with client information); p. 40 (text message redacting client names).

While there is a presumption that the public has a right to see judicial documents, as the Court in Littlejohn v. Bic Corp., 851 F.2d 673 (3d Cir. 1988) explained, the right of access to judicial proceedings and records "is not absolute." Id. at 678 (*citing* Nixon v. Warner Comm., Inc., 435 U.S. 589, 598 (1978)). Rather, "[c]ourts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing. Littlejohn, 851 F.2d at 678 (quoting Nixon, 435 U.S. at 598); see also AngioDynamics, Inc. v. C.R. Bard, Inc., No. 1:17-cv-00598 (BKS/CFH), 2021 WL 776701, at *4 (N.D.N.Y. Mar. 1, 2021) ("[C]ourts commonly find that documents that contain 'trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like' satisfy the sealing standard given the important privacy interests at stake.").

The information contained in the unredacted Complaint "falls into categories commonly sealed: those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like." Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018). Under this reasoning, courts have sealed customer lists containing identifying information of non-parties due to the "significant privacy interests" at stake. Id. In Hypnotic Hats, the court concluded that "Defendants' customer list shall remain under seal." Id; *see also* Arar v. Ashcroft, 585 F.3d 559, 610 (2d Cir. 2009) (listing types of matters where the presumption of openness is overcome, including those involving "trade secrets").

The client and business information contained in the unredacted Complaint creates compelling reasons for filing under seal that outweigh the public's general interest in access to court filings.

Therefore, Plaintiff respectfully requests leave to file the complete, unredacted version of her Complaint under seal to preserve the confidential information while maintaining public access to her allegations through the redacted version already on file. We thank the Court in advance for your time and attention to this matter.

Respectfully submitted,

*/s/ Erica T. Healey-Kagan*


cc:     All counsel of record (*via* ECF)