

Erica Healey-Kagan
ehealeykagan@filippatoslaw.com
212-202-0234, Ext. 414

**FILIPPATOS PLLC**
Employment Law, Litigation & ADR

425 Madison Ave, Suite 1502
New York, NY 10017
filippatoslaw.com

July 25, 2025

> This request is GRANTED. SO ORDERED.
>
> *Jennifer E. Willis*
> JENNIFER E. WILLIS
> United States Magistrate Judge
> August 18, 2025

<u>VIA ECF:</u>
Hon. Jennifer E. Willis
United States District Court
Southern District of New York
40 Foley Square, Room 425
New York, NY 10007
WillisNYSDChambers@nysd.uscourts.gov

Re:   **Eleni Tserpelis a/k/a Eleni Lagos v. BDO USA PC., et al.**
      **1:25-cv-05613 (JAV)(JEW)**

Dear Magistrate Judge Willis:

      We represent Plaintiff, Eleni Tserpelis a/k/a Eleni Lagos, in the above-captioned action.  Pursuant to Rule II(E) of Your Honor's Individual Rules and your Order (Dkt. 29), we file a renewed motion for leave to file an unredacted copy of the Amended Complaint under seal. Before we filed the original Complaint (Dkt. 1) in the Southern District of New York, we sent a draft of the complaint on June 25, 2025, to BDO USA PC's counsel, along with proposed redactions. On June 28, 2025, Defendant's counsel raised concerns regarding the table on page 11, prompting us to redact additional information. On July 2, 2025, we sent a follow-up email asking Defendant's counsel to identify any other information, allegations, or items that they believe should be redacted before filing. Counsel responded, stating they would consult with their client and get back to us, however they have not identified any further proposed redactions to date.

      As such, Plaintiff's Amended Complaint (Dkt. 30) redacts all confidential, proprietary, and commercially sensitive information. The unredacted Amended Complaint (Dkt. 31) would allow the Court to receive all relevant information in this matter without publicly disclosing client information, including client names and specific details regarding BDO's client relationships, details about BDO's partnership structure, revenue targets, client accounts, internal personnel matters, and business development strategies.

      Specifically, Ms. Lagos' unredacted Complaint will contain revenue, budgeting, and pipeline figures relating to BDO's ASC 740 clients that were redacted from the public filing. *See* Amended Complaint (Dkt. 30) at p. 11 (containing redacted revenue information regarding BDO's NY Metro ASC 740 Market); p. 26 (redacted email with client information); p. 38 (redacted email with client information); p. 40 (text message redacting client names).

   While there is a presumption that the public has a right to see judicial documents, as the Court in Littlejohn v. Bic Corp., 851 F.2d 673 (3d Cir. 1988) explained, the right of access to judicial proceedings and records "is not absolute." Id. at 678 (citing Nixon v. Warner Comm., Inc., 435 U.S. 589, 598 (1978)). Rather, "[c]ourts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing. Littlejohn, 851 F.2d at 678 (quoting Nixon, 435 U.S. at 598); see also AngioDynamics, Inc. v. C.R. Bard, Inc., No. 1:17-cv-00598 (BKS/CFH), 2021 WL 776701, at *4 (N.D.N.Y. Mar. 1, 2021) ("[C]ourts commonly find that documents that contain 'trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like' satisfy the sealing standard given the important privacy interests at stake.").

   The information contained in the unredacted Amended Complaint "falls into categories commonly sealed: those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like." Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018). Under this reasoning, courts have sealed customer lists containing identifying information of non-parties due to the "significant privacy interests" at stake. Id. In Hypnotic Hats, the court concluded that "Defendants' customer list shall remain under seal." Id; see also Arar v. Ashcroft, 585 F.3d 559, 610 (2d Cir. 2009) (listing types of matters where the presumption of openness is overcome, including those involving "trade secrets").

   The client and business information contained in the unredacted Amended Complaint creates compelling reasons for filing under seal that outweigh the public's general interest in access to court filings.

   Therefore, Plaintiff respectfully requests leave to file the complete, unredacted version of her Amended Complaint under seal to preserve the confidential information while maintaining public access to her allegations through a redacted version. We thank the Court in advance for your time and attention to this matter.

Respectfully submitted,

*/s/ Erica T. Healey-Kagan*

cc: All counsel of record (*via* ECF)